J-A15044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL J. DOTSKO | |
| Appellant | No. 2580 EDA 2015 |

Appeal from the Judgment of Sentence August 4, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-SA-0000279-2014

BEFORE: FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 09, 2016**

Michael J. Dotsko ("Appellant") appeals *pro se* from the judgment of sentence entered in the Lehigh County Court of Common Pleas following his conviction for vehicle turning left.[1, 2]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On August 8, 2014, at approximately 7:55 p.m., Corporal Roger L. Miller of the Upper Saucon Township Police Department was stopped at a traffic light in an unmarked patrol vehicle at the intersection of Oakhurst Drive and Route 145.  N.T., 8/4/2015, at 24-25.  Corporal Miller observed a grey

_____

[1] 75 Pa.C.S. § 3322.

[2] Appellant was originally represented by counsel, but fired his lawyer on February 5, 2015.  The court granted counsel's petition to withdraw on February 25, 2015.

Honda with a New Jersey license plate across the intersection from him. *Id.* at 26. When the light turned green, the Honda turned left while Corporal Miller was beginning to cross the intersection. *Id.* This forced Corporal Miller to brake rather abruptly to avoid hitting the car. *Id.* Corporal Miller pulled over the vehicle and identified Appellant as the driver. *Id.* at 27. Corporal Miller had a camera on his vehicle ("dash cam") at the time.[3] *Id.* at 29.

On October 13, 2014, after a hearing, District Justice Daniel Trexler found Appellant guilty of vehicle turning left. On October 20, 2014, Appellant appealed to the Lehigh County Court of Common Pleas. On August 4, 2015, the court conducted a trial, in which Corporal Miller testified, the dash cam recording was admitted into evidence, and Chief Robert Coyle testified that he downloaded the video footage recorded from the dash cam. The court found Appellant guilty of vehicle turning left and sentenced him to pay the costs of prosecution, a $25.00 fine and a $10.00 EMS fine.

---

[3] The dash cam was designed so that it constantly recorded, then deleted video after 30 seconds had passed, unless the officer activated his emergency lights. This feature allowed Corporal Miller to save the recorded video of Appellant from 30 seconds before he activated his lights and onward. N.T., 8/4/2015, at 29.

On August 27, 2015, Appellant filed a timely notice of appeal. The court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

1. DID THE COMMONWEALTH FAIL TO PRESENT SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT WAS GUILTY OF VIOLATING

"VEHICLE TURNING LEFT" GIVEN THAT:

A. THE FIRST TWENTY-FIVE SECONDS OF THE COMMONWEALTH'S OWN VIDEO DO NOT SHOW [APPELLANT], HIS VEHICLE'S FRONT LICENSE PLATE OR HIS VEHICLE'S OTHERWISE HIGHLY VISIBLE ORANGE AND WHITE STATE OF NEW JERSEY WINDSHIELD INSPECTION STICKER?

B. THE SCREEN SHOT TAKEN OF THE ONE AND ONLY FRAME OF THE COMMONWEALTH'S VIDEO IN WHICH A FRONT LICENSE PLATE IS PARTIALLY LEGIBLE ESTABLISHES THAT IT IS NOT [APPELLANT'S] LICENSE PLATE?

C. THE APPELLANT TESTIFIED AT LENGTH AS TO SOME OF THE DIFFERENCES BETWEEN THAT WHICH IS DEPICTED IN THE FIRST TWENTY-FIVE SECONDS OF THE VIDEO AND THAT WHICH ACTUALLY OCCURRED.

2. DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING [] APPELLANT'S **BRADY**[4] MOTION TO PERMIT HIS EXPERT TO OBTAIN THE UNCOMPRESSED VERSION OF THE POLICE VIDEO, THUS EFFECTIVELY DENYING APPELLANT'S USE OF HIS RETAINED EXPERT?

---

4 **Brady v. Maryland**, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

Appellant's Brief at 2-3.

In his first issue, Appellant challenges the sufficiency of the evidence for his conviction. He claims that he is innocent of the charges against him, and that the video was fabricated and does not show his vehicle. His issue merits no relief.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Appellant was convicted for violating the following statute:

**§ 3322. Vehicle turning left**

The driver of a vehicle intending to turn left within an intersection or into an alley, private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute a hazard.

75 Pa.C.S. § 3322.

Appellant's challenge to the sufficiency of the evidence is devoid of merit. Corporal Miller's testimony alone, even without the corroborative video, supports the trial court's finding that Appellant turned left into an intersection without yielding to Corporal Miller, who was proceeding straight across the intersection.

Viewing all the evidence admitted at trial in the light most favorable to the Commonwealth, there is sufficient evidence to enable the fact-finder to find every element of the crime "vehicle turning left" beyond a reasonable doubt, and the lack of clarity in the dash cam pictures does not render the evidence insufficient.

Next, Appellant argues the trial court abused its discretion by denying his "Motion to Compel Commonwealth to Produce Exculpatory Material Pursuant to *Brady v. Maryland*." He claims he needed an uncompressed Audio Video Interleave (AVI) format straight from the original recording so that his expert could conduct a forensic video examination to determine the authenticity of the video, but that he received instead a video object file (VOB) that did not contain all the data of the AVI.

Whether to grant a motion to compel discovery is within the discretion of the trial court:

**Rule 573. Pretrial Discovery and Inspection**

\* \* \*

**(B) Disclosure by the Commonwealth.**

\* \* \*

(2) *Discretionary With the Court.*

(a) In all court cases, except as otherwise provided in Rules 230 (Disclosure of Testimony Before Investigating Grand Jury) and 556.10 (Secrecy; Disclosure), if the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable:

\* \* \*

(iv) any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

Pa.R.Crim.P. 573.

Here, the court did not abuse its discretion by denying Appellant's motion to compel the Commonwealth to produce a different version of the video he already had. The record reflects that Appellant wrote several letters to the district attorney and the chief of police to obtain the video. Assistant District Attorney Sarah Heimbach ("the ADA") sent Appellant 2 DVDs on February 5, 2015. In response to his letter in which he indicated

he could not play the DVDs on his computer, the ADA wrote him a letter advising him to play them through "VLC media player" and offered for him to come to the district attorney's office to play the DVDs, because she knew that they played on their computers.

Appellant was eventually able to play the DVD. The court did not abuse its discretion in not compelling the police department to supply him with an AVI copy, especially considering that it did not know if it had such a copy. Further, Appellant only wanted this version to explore his theory about how the police department essentially framed him for something he did not do. Corporal Miller's testimony alone would have been sufficient to support Appellant's conviction.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2016